CASTLE *v.* THE BOARD OF COUNTY COMMISSIONERS OF UINTA COUNTY.

LEGISLATIVE POWER.—The organic act gives the legislature power over all proper subjects of legislation, and in the absence of an express limitation upon this power, the legislature may pass laws fixing a standard of fees for the officers of the several counties within the territory, no two of which are exactly alike.   Such a law is no breach of contract.

ERROR to the District Court of Uinta County.

The facts are stated in the opinion.

*E. A. Thomas* and *Johnson & Potter,* for plaintiff in error.

Plaintiff denies the validity of the act of the legislature, as being unequal, discriminating and partial. Cooley's Const. Lim., page 389–397. The fees allowed county officers are necessarily collected from the people in the way of taxes, and the result is unequal taxation in the various counties, necessarily following the unequal and unjust discrimination. Cooley's Const. Lim., 501–2 ; Cooley on Taxation, 124 to 174.

The Act of '77, by its title and enacting clause, refers only to county officers. Laws of '77, p. 112 ; while justices of the peace are precinct officers. Comp. Laws, page 218, Sec. 1 ; Potter's Dwarris, page 103. The law is unjust in that the officers were elected on the supposition they were to receive fees according to the Act of 1869, and the rate should not be changed during their continuance in office.

*H. Garbanati,* for defendants in error.

The organic act of this territory gives the legislature power over all proper subjects of legislation, and it did not exceed its power in passing the act approved December 15th, 1877, entitled, "An Act to establish the salaries of county officers of Uinta county and for other purposes."

FISHER, C. J. This case was brought to this court from the county of Uinta. The plaintiff in error, Christopher E. Castle, was a justice of the peace in and for the county of Uinta, residing in the town of Evanston. On or about the first of June, 1878, he presented a bill of justice's costs made up under the justice's fee bill passed by the legislature of Wyoming Territory for the session of 1869, charging for services, as such officer, in hearings had in criminal cases.

Upon the presentation of the bill, the board of county commissioners, to whom it was presented, refused to allow it or to draw their warrant for its payment. Mr. Castle appealed from the action of the board, as provided for by the laws of this Territory, and having duly perfected his

appeal, at the July term of the district court in and for Uinta county, the case was tried by that court and a jury; after the evidence had all been submitted, the following request was made for an instruction to the jury, by the plaintiff's counsel: "In this case the jury are instructed that this action having been brought to recover for services rendered the county of Uinta by the plaintiff, as justice of the peace in said county, and the same having been against the county under the fee bill instead of under the act allowing salary, the question of the right of the plaintiff to recover depends upon the validity of the legislation of the late session of the legislature, providing a different rate of compensation in different counties of the territory, for the same service.

"The court instructs you that such unequal legislation is beyond the power of the legislature to enact into law, and the law so passed being a nullity, it follows that the plaintiff in this case has a right to recover fees legally charged under the general fee bill providing compensation for services rendered by the various county officers of the territory;" which request was refused by the court. The court then on the request of the defendant instructed the jury as follows:

"The act passed December 15th, 1877, is the law governing the compensation of justices of the peace within the county of Uinta and the town of Evanston, and the plaintiff is not entitled to recover in this action."

To the refusal to give the instruction requested by the plaintiff, and to the giving that requested by the defendant, the plaintiff duly excepted. The jury retired and returned a verdict for the defendant. After which the case was regularly brought here by a writ of error.

In giving a history of the case we have been careful to embody all the facts involved so that a clear understanding of it may be had.

The legislature at its session of 1877, passed a series of laws fixing a standard of fees for the officers in the several

counties, no two of which are exactly alike in amount, although in each the general fee bill has been abolished and provision made to pay salaries; the various officers being required to turn over all fees which may be received by them, to the various county treasurers, the fees to be charged still being as provided for under the fee bill of 1869. In this particular case the plaintiff in error was to have a salary of $600. Now it is claimed that the legislature exceeded its power in passing laws of this nature, and especially in passing the act approved December 15th, 1877, entitled, " An act to establish the salaries of county officers of Uinta county and for other purposes."

This is the only question involved in this action. That this, and the various laws of the legislature of 1877 may be regarded as improper legislation we are not called upon to decide; the only question submitted to us is, had the legislature the power to pass this law? Why not? It is said that in the passage of this law a breach of contract is involved, from the fact that the incumbent entered upon his duties under the existence of a regular schedule of fees as found in the fee bill of 1869, and that the present law may diminish or increase the allowance, hence the breach of contract.

The precedents for this kind of legislation are so numerous that it is unnecessary to spend time and labor to meet this objection: and to give it any force, it must be settled either in the law, or provided for by constitutional limitation. Thus the constitution of the United States provides that the salary of the president shall not be increased or diminished during his term of office. Such provision is also made in some of the state constitutions, in regard to their governors and judges; but in the absence of such provision we have no doubt of the power of the legislature to regulate all questions in relation to the fees of officers. The organic act of this territory gives the legislature power over all proper subjects of legislation, and whether in this case they have

used this power wisely or not, we have no doubt of their power in the premises.

The judgment below is affirmed, and a procedendo awarded for costs against the plaintiff in error.

Judgment affirmed.